UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TURAL BAYEV a/k/a TURAL BABAYEV, and DECENTRALIZED, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL MAKOWENSKYJ, <br> JASON MACALUSO, <br> FLOYD MAYWEATHER, Jr., <br> JAMES MCNAIR, <br> BOOM CUPS HOLDING, LLC, <br> TEAM BOOM CUPS, LLC, <br> MAK BOOM CUPS, LLC, <br> 1800 LIQUORS HOLDING GROUP, LLC, <br> MAK 1800 LIQUORS, LLC, <br> CELEBRITY SPORTS ENTERTAINMENT, LLC, <br> ANAMAE MERCHANTS, LLC, <br> and <br> PARLOR GAMES, LLC, <br><br> Defendants. | **Complaint for a Civil Case** <br><br> **Case No.**   **2:22-cv-03503** <br><br> **JURY TRIAL DEMANDED** |

NOW COMES Plaintiffs TURAL BAYEV and DECENTRALIZED, LLC by their attorney, Taher Kameli, Esq. as and for its complaint against Defendants herein, alleges as follows:

## **PARTIES**

1. Plaintiff Tural Bayev ("Bayev") is an individual residing in the State of Illinois and the principal and sole member of Decentralized, LLC.

1

2. Plaintiff DECENTRALIZED, LLC ("Decentralized") is a foreign limited liability company organized and existing under the laws of the State of Delaware with its registered address at 16192 COASTAL HWY, LEWES, DE 19958.

3. Collectively Bayev and Decentralized shall be referred to as "Plaintiffs" and each a "Plaintiff."

4. Upon information and belief, BOOM CUPS HOLDING LLC ("Cups") is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business and address for service of process located at 390 NORTH BROADWAY, SUITE 200, JERICHO, NY 11753.

5. Upon information and belief, TEAM BOOM CUPS LLC ("Team") is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business and address for service of process located at 390 NORTH BROADWAY, SUITE 200, JERICHO, NY 11753.

6. Upon information and belief, MAK BOOM CUPS LLC ("Boom") is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business and address for service of process located at 390 NORTH BROADWAY, SUITE 200, JERICHO, NY 11753.

7. Upon information and belief, 1800-LIQUORS HOLDING GROUP LLC ("Liquors") is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business and address for service of process located at 390 NORTH BROADWAY, SUITE 200, JERICHO, NY 11753.

8. Upon information and belief, MAK 1800 LIQUORS ("Mak") is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business and address for service of process located at 390 NORTH BROADWAY, SUITE 200, JERICHO, NY 11753.

9. Upon information and belief, PARLOR GAMES, LLC ("Parlor") is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business and address for service of process located at 1722 PARK AVENUE, NEW HYDE PARK, NY 11040.

10. Upon information and belief, CELEBRITY SPORTS ENTERTAINMENT LLC ("CSE") is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business and address for service of process located at 1722 PARK AVENUE, NEW HYDE PARK, NY 11040.

11. Upon information and belief, ANAMAE MERCHANTS LLC ("Anamae") is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business in Nassau County and its address for service of process located at 2804 GATEWAY OAKS DR #100, SACRAMENTO, CA 95833.

12. Collectively, Anamae and Celebrity shall be known as the "Contracting Entities."

13. Collectively, Cups, Team, Boom, Liquors, Mak, Parlor, and Contracting Entities shall be known as "Makowenskyj Entities."

14. Defendant MICHAEL MAKOWENSKYJ ("Makowenskyj") is an individual residing in the State of New York at 1723 Park Ave New Hyde Park, NY 11040 and, upon information and belief, is a principal of Makowenskyj Entities and/or Contracting Entities.

3

15. Upon information and belief, Defendant JASON MACALUSO ("Macaluso") is an individual residing in the State of New York at 101 Locust Ave, Rockville Center, NY 11570-3022 and is a principal of Makowenskyj Entities and/or Contracting Entities.

16. Upon information and belief, Defendant FLOYD MAYWEATHER ("Mayweather") is an individual residing in the State of Nevada at 9504 KINGS GATE COURT LAS VEGAS, NV 89145 and is a principal of Makowenskyj Entities and/or Contracting Entities. Upon information and belief, Mayweather conducts substantial business and owns real property within the state of New York, including without limitation partial ownership of One Vanderbilt Avenue, New York, NY 10017.

17. Upon information and belief, Defendant JAMES MCNAIR (a.k.a. P-Reala) ("McNair") is an individual residing in the State of New York and is a principal of Makowenskyj Entities and/or Contracting Entities.

18. Upon information and belief, Defendants Mayweather, McNair, Macaluso, and/or Makowenskyj are the sole members of Makowenskyj Entities and/or Contracting Entities.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds the $75.000 jurisdictional minimum of this Court, exclusive of interest and costs, and Plaintiffd and Defendants are citizens of, and domiciled in, different states.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants transact

4

business and have agents in the Eastern District and are otherwise within this Court's jurisdiction for purposes of service of process.

21. This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, inter alia, Defendants reside and/or transact business within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

## STATEMENT OF OPERATIVE FACTS

22. On or around November 21, 2021, Makowenskyj informed Bayev of a potential business opportunity and sought to schedule a time to explain the proposal.

23. On or around November 22, 2021, Makowenskyj met with Bayev to discuss an opportunity to participate in the Jingle Ball Miami Weekend Takeover 2021 ("Jingle Ball").

24. Upon information and belief, Jingle Ball was organized and/or sponsored by Makowenskyj Entities, Makowenskyj, Mayweather, McNair, and/or Macaluso.

25. To partially fund Jingle Ball, Makowenskyj asked Bayev to provide a short-term loan in the amount of $250,000.

26. On November 23, 2021, while in the State of Florida, Makowenskykj, on behalf of Contracting Companies, and Bayev, on behalf of Decentralized, executed a contract for Bayev to lend $250,000 to Makowenskyj and Makowenskyj agreed to include Bayev's company on Jingle Ball promotional materials; notably, Makowenskyj unconditionally promised to repay the full $250,000 on or before February 20, 2022.

5

27. Furthermore, Makowenskyj staked his equity interest in Makowenskyj Entities as collateral for the Loan.

28. On or around November 23, 2021, as agreed to by Makowenskyj, Decentralized forgave an outstanding balance of $20,000 that Makowenskyj and/or Makowenskyj Entities owed to Decentralized.

29. On or around November 24, 2021, Decentralized transferred $100,000 to AnaMae, as requested by Makowenskyj.

30. On or around November 26, 2021, Decentralized transferred $80,000 to AnaMae, as requested by Makowenskyj.

31. On or around November 30, 2021, Decentralized transferred $50,000 to AnaMae, as requested by Makowenskyj.

32. On or around December 10, 2021, Makowenskyj confirmed the receipt of $250,000 from Plaintiffs.

33. Notably, on December 10, 2021, Makowenskyj also sought to obtain an additional $250,000 loan from Bayev, but Bayev denied the request.

34. On January 01, 2022, Makowenskyj told Bayev that there was no issue with repaying the Loan on time.

35. On or around February 19, 2022, Bayev agreed to extend the Loan until February 26, 2022.

36. On or around February 23, 2022, Bayev asked Makowenskyj to confirm that the Loan would be repaid on Monday, February 28, 2022, as February 26, 2022 fell on a Saturday. That same day, Makowenskyj confirmed that the payment would be made at such time.

37. On February 28, 2022, Makowenskyj and Contracting Companies failed to make any payment to Plaintiffs.

38. On March 12, 2022, Makowenskyj expressly confirmed that Makowenskyj and/or Contracting Companies owed Plaintiffs $250,000 and promised that payment would made no later than March 15, 2022; however, Makowenskyj and Contracting Companies again failed to tender payment on March 15, 2022.

39. Rather than pay the amount due, Makowenskyj continued to make excuses for the delay while assuring Bayev that a full payment of the $250,000 was imminent.

40. Upon information and belief, Makowenskyj and Contracting Companies have used and continue to use the proceeds of the Loan to host, organize, promote, and/or produce extravagant events (the "Unauthorized Events").

41. Upon information and belief, at all times relevant to this matter, Makowenskyj, Mayweather, McNair, Macaluso, and/or Makowenskyj Entities have been working in concert to host, organize, promote, and/or produce the Unauthorized Events.

42. Upon information and belief, Makowenskyj, Mayweather, McNair, Macaluso, and/or Makowenskyj Entities have directly and/or indirectly received substantial profits and/or other benefits from the Unauthorized Events.

43. As of the date this Complaint was filed, Makowenskyj Entities, Makowenskyj, Mayweather, McNeil, and Macaluso have not repaid any of the $250,000 loan provided by Plaintiffs.

## FIRST CAUSE OF ACTION

*Breach of Contract Against Makowenskyj and Contracting Companies.*

44. Plaintiffs repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth herein.

45. Under Florida law, "[a]n adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008) (citing *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003)); see also, *Indus. Med. Pub. Co. v. Colonial Press of Miami, Inc.*, 181 So. 2d 19, 20 (Fla. 3d DCA 1966) ("In contract actions, the complaint must allege the execution of the contract, the obligation thereby assumed, and the breach.").

46. On or around November 23, 2021, Makowenskykj, on behalf of Contracting Companies, and Bayev, on behalf of Decentralized, entered into a valid contract, which was guaranteed by Makowenskyj and collateralized by Makowenskyj's equity interest in Makowenskyj Entities.

47. Pursuant to the Contract, Decentralized loaned Contracting Companies $250,000 which were transmitted via a series of wire transfers.

48. Although originally due on February 20, 2022, Decentralized agreed to extend the term of the Loan to February 26, 2022.

49. Plaintiffs demanded repayment of money loaned under the Loan. Makowenskyj and Contracting Companies have materially breached the Loan agreement by failing and refusing to pay the sums due under the Loan.

50. As a direct and proximate result of Makowenskyj and Contracting Companies breaches, Plaintiffs have suffered damages in an amount to conform to proof at trial, but not less than $250,000 plus interest as allowed by law.

## SECOND CAUSE OF ACTION

*Unjust Enrichment Against All Defendants*

51. Plaintiffs repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth herein.

52. For purposes of this cause of action, Plaintiffs allege none of the contracts referred to herein applied to the actions described in this Count and that the actions described herein were outside of the coverage of the said contracts.

53. Under Florida law, "'[t]he elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff.'" *Agritrade, LP v. Quercia*, 253 So. 3d 28, 33 (Fla. Dist. Ct. App. 2017) (quoting *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996)).

54. By providing $250,000 to Defendants, Plaintiffs have conferred a benefit on the Defendants.

55. Defendants knew that Plaintiffs provided this benefit and voluntarily accepted it.

56. Defendants continue to retain the benefit by failing to make the payments due to Plaintiffs, while continuing to use the funds to conduct further Unauthorized Events.

57. It would be inequitable to allow Defendants to retain this benefit under the circumstances, and Defendants are unjustly enriched thereby.

58. As a direct and proximate result, Plaintiffs suffered and continue to suffer damages in an amount to conform to proof at trial, but not less than $250,000 plus interest as allowed by law.

### Third Cause of Action

*Money Lent Against Makowenskykj and Contracting Companies*

59. Plaintiffs repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth herein.

60. Under Florida law, "'a claim for money lent must show "money was delivered to the defendant, the money was intended as a loan, and the loan has not been repaid."'" *Am. Residential Equities LLC v. Saint Catherine Holdings Corp.*, 306 So. 3d 1057, 1060 (Fla. Dist. Ct. App. 2020) (quoting *Cimaglia v. Moore*, 724 F. App'x 695, 699 (11th Cir. 2018) (quoting 42 C.J.S. Implied Contracts § 2 (2010))).

61. Plaintiffs delivered $250,000 to Makowenskyj and/or Contracting Companies.

62. Plaintiffs and Makowenskyj and Contracting Companies intended the $250,000 to be a short-term loan, which would be repaid in full by February 26, 2022.

63. Makowenskyj and Contracting Companies have not repaid the $250,000 loan.

64. As a direct and proximate result, Plaintiffs suffered and continue to suffer damages in an amount not less than $250,000 plus interest as allowed by law.

### FOURTH CAUSE OF ACTION

*Account Stated Against Makowenskyj and Contracting Companies*

65. Plaintiffs repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth herein.

66. Under Florida law, to maintain a cause of action for an account stated, Plaintiffs must prove "an express or implied agreement between the parties that a specified balance is correct and due and an express or implied promise to pay this balance." *Agritrade, LP v. Quercia*, 253 So. 3d 28, 33 (Fla. Dist. Ct. App. 2017) (citing *Gonzalez v. Eagle Ins. Co.*, 948 So. 2d 1, 3 (Fla. 3d DCA 2006)).

67. On March 3, 2022, Makowenskyj told Bayev "With all of the settlements that are coming in from the last 3 events I will start sending money back to you from the original event brand exposure loan. Hard Rock will be beginning settlements for us beginning next week and so forth."

68. On March 7, 2022, Makowenskyj told Bayev "100% I got you. I promise you no issues. I am forwarding money over to you soon as I get my settlements next week. We good."

69. On March 12, 2022, Makowenskyj told Bayev "Yes update: we are receiving the settlements on MON/TUE the first part will be in cash… $125,000 will be ready by Tuesday latest. If they send me the other part in crypto then it will be in that. Otherwise the entire 2nd might be cash also."

70. On March 12, 2022, Makowenkyj also told Bayev "I will just send the first 125k Tuesday in cash and I won't wait for the other half in crypto. I'll just sent it all in wire." Moreover, when Bayev reiterated the need for the full repayment, and asked Makowenskyj to clarify the repayment would be of $250,000 and not just $125,000 to which Makowenskyj replied "Yes the full amount ✅."

71. On March 16, 2022, Makowenskyj told Bayev "Transfer is set to go out this week… just waiting for it to hit my account. I will advise soon as it hits. It's 100% being transferred to me. Just waiting on the account receivable to close it and send it."

72. On March 31, 2022, Makowenskyj to Bayev, Can I call you? I just landed back in NY. I will explain. There are no issues. I just have delayed payments. No issues on payback."

73. Makowenskyj and the Contracting Companies have not paid the $250,000 balance due to Plaintiffs.

74. As a direct and proximate result, Plaintiffs suffered and continue to suffer damages in an amount not less than $250,000 plus interest as allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. On the first cause of action, against Defendants Makowenskyj and Contracting Companies relief as follows:

    a) For a declaration that under law Plaintiffs have a valid and enforceable security interest over Makowenskyj's equity interest in Makowenskyj Entities;

    b) For a declaration that under law Makowenskyj personally guaranteed Contracting Companies repayment of the Loan; and,

    c) For compensatory and special damages in an amount to be determined at trial, but not less than $250,000.00, plus interest from February 26, 2022, plus Plaintiff's costs, expenses of collection, or any such other amount as the court deems just and proper.

2. On the second cause of action, against Defendants, compensatory damages and disgorgement of profits produced by the Loan in an amount to be determined at trial, but not less than $250,000.00, plus interest from February 26, 2022, plus Plaintiff's costs, expenses of collection, or any such other amount as the court deems just and proper.

3. On the third cause of action against Makowenskykj and Contracting Companies, actual damages in the amount of $250,000.00, plus interest from February 26, 2022, plus Plaintiff's costs, expenses of collection, or any such other amount as the court deems just and proper.

4. On the fourth cause of action against Makowenskykj and Contracting Companies, actual damages in the amount of $250,000.00, plus interest from February 26, 2022, plus Plaintiff's costs, expenses of collection, or any such other amount as the court deems just and proper.

5. On All Causes of Action, for interest to the extent allowed by law, for reasonable attorneys' fees to the extent allowed by law, for costs of suit incurred, and for such other and further relief as the Court deems just, equitable, and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated: June 14, 2022

                                            Respectfully submitted,

                                            **The Law Offices of Kameli & Associates, P.C.**

                                            By:   /s/ Taher Kameli
                                                    Taher Kameli
                                                    P.O. Box 16880, Chicago, IL 60616
                                                    (312) 233-1000
                                                    taher@kameli.com

                                                    *Attorney for Plaintiffs*